# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AVERY LAMAR MILLER, : | |
| GDC No. 299095, : | PRISONER CIVIL RIGHTS |
|     Plaintiff, : | 42 U.S.C. § 1983 |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:12-CV-91-TWT-CCH |
| SHERIFF R.L. (BUTCH) : | |
| CONWAY; DEPUTY SHERIFF : | |
| JOHN DOE, : | |
|     Defendants. : | |

## **O R D E R**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any

evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED** this 10th day of May, 2012.

$_____$
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| AVERY LAMAR MILLER, | : | |
| GDC No. 299095, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-91-TWT-CCH |
| SHERIFF R.L. (BUTCH) | : | |
| CONWAY; DEPUTY SHERIFF | : | |
| JOHN DOE, | : | |
|     Defendants. | : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff Avery Lamar Miller's civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has been granted *in forma pauperis* status, and the matter is before the Court for a frivolity screening pursuant to 28 U.S.C. § 1915A.

I.     <u>28 U.S.C. § 1915A Frivolity Review</u>

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either

in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the alleged facts do not state a plausible claim for relief. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). If a plaintiff cannot satisfy those requirements, or fails to provide factual allegations in support of the claim, the complaint may be dismissed. *Id.* at 737-38.

II.  Discussion

   A.  Plaintiff's Claims

Plaintiff has sued Sheriff R.L. "Butch" Conway, Sheriff of the Gwinnett County Detention Center ("GCDC"), and several "John Does" deputy sheriffs. Plaintiff complains that: (1) on March 23, 2010, he was transported from Rogers State Prison to the GCDC for a scheduled appearance for a state habeas hearing at the Gwinnett County Superior Court; (2) upon his arrival at intake at the GCDC,

2

all of his legal papers, files, notes, documents, briefs, and pleadings were confiscated by the intake deputies; (3) these papers were vital for Plaintiff to present his habeas corpus claims on March 24, 2010; (4) on March 24, 2010, Plaintiff's insistence on receiving his legal files was met with a door slammed in his face, tightened handcuffs, and shortened leg irons; (5) Plaintiff appeared for his state habeas evidentiary hearing and was unable to present his arguments because of the confiscation of his legal papers; (6) the state habeas court denied his petition that day, citing to his lack of evidence; and (7) the Georgia Supreme Court also was disabled by an imperfect record for the same reason. Plaintiff further complains that while he was at the GCDC, he was placed in an overcrowded holding cell containing one sink, one toilet, and three metal benches with thirty to forty other people for approximately eighteen hours.

### B. Analysis of Plaintiff's Claims

#### 1. Access to the Courts

Prisoners have a constitutional right of access to the courts under the Due Process Clause. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Alvarez v. Attorney Gen. for Fla.*, No. 11-10699, 2012 WL 1579489, at *9 (11th Cir. May 8, 2012). In order to establish a violation of that right, a plaintiff must show actual injury as

a constitutional prerequisite. *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Alvarez*, 2012 WL 1579489, at \*9. To show actual injury, a plaintiff must demonstrate that his efforts to pursue a nonfrivolous claim were frustrated or impeded by an official's action. *McCauley v. Georgia*, No. 11-11817, 2012 WL 1232418, at \*4 (11th Cir. Apr. 12, 2012). Plaintiff's allegations indicate that his papers were confiscated from him, thereby hindering the presentation of his habeas claims and resulting in the denial of his state habeas petition. In deference to Plaintiff's *pro se* prisoner status, his access to the courts claim should be allowed to proceed against Sheriff Conway and "John Does" Deputy Sheriffs.[1]

### 2. Conditions at the GCDC

Plaintiff has failed to state a claim for relief under § 1983 in connection with his allegations of overcrowding and other unpleasant conditions in the holding cell

---

[1] The Court notes that Plaintiff attempts to raise another access to the courts claim against Cedric Taylor and Debra Banks, Warden and Business Manager of the Autry State Prison, respectfully, and alleges that they refused to complete the *in forma pauperis* form in connection with his request to proceed *in forma pauperis* in this Court. (Doc. 6). Plaintiff's completed form, however, was submitted to the Court three days after his motion to amend the complaint to add this claim. Thus, any alleged refusal to fill out the form has not affected Plaintiff's ability to proceed in this Court, and any access to the courts claim based on that refusal is without merit.

4

at the GCDC. In order to state an Eighth Amendment claim, the conditions alleged must be so severe that they result in "unquestioned and serious deprivation of basic human needs. . . . [C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer *de minimis* injuries. *See, e.g.*, *Alfred v. Bryant*, 378 F. App'x 977, 980 (11th Cir. 2010) ("'Inmates cannot expect the amenities, conveniences, and services of a good hotel.'") (citations omitted); *Adeleke v. Heaton*, 352 F. App'x 904, 908 (5th Cir. 2009) ("While [the plaintiff's] transfer and being on lockdown may have caused discomfort and inconvenience . . ., his allegations do not constitute 'extreme deprivations'[.] . . ."); *Douglas v. DeBruyn*, 936 F. Supp. 572, 577 (S.D. Ind. 1996) ("Mere unpleasantness or inconvenience will not support a constitutional claim."). The undersigned finds that although the conditions in the holding cell at the GCDC may have been unpleasant, the eighteen hour limited duration of time that Plaintiff spent in the holding cell does not amount to such an "unquestioned and serious deprivation of

5

basic needs" so as to rise to an Eighth Amendment violation. *See, e.g.*, *Bell v. Wolfish*, 441 U.S. 520, 542 (1979) (holding pre-trial detainee's confinement of two people in a cell of 75 square feet for seven hours did not violate due process);[2] *Whitnack v. Douglas Cty.*, 16 F.3d 954, 957-58 (8th Cir. 1994) (holding pre-trial detainee's exposure to filthy cell conditions for less than 24 hours did not violate due process); *Liffiton v. Kiszewski*, No. 09-CV-994A(F), 2010 WL 2869570, at *4 (finding less than twenty-four hour exposure to overcrowding and inadequate sleep accommodations did not constitute a due process violation). II.

Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's access to the courts claim against be **ALLOWED TO PROCEED** against Sheriff Conway. Plaintiff does not provide the names of the deputy sheriffs involved in the incident and, thus, the undersigned is unable to direct service on the "John Does." Plaintiff, however,

---

[2] Conditions of confinement for pre-trial detainees are evaluated under the Fourteenth Amendment Due Process Clause. *See Purcell ex rel. Estate of Morgan v. Toombs County, Ga.*, 400 F.3d 1313, 1318 (11th Cir. 2005). However, "[t]he standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments." *Id.*

6

may amend his complaint at a later date to supply the identity of the officers involved with this incident, provided he is able to ascertain the proper names.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED AS FRIVOLOUS** pursuant to 28 U.S.C. § 1915A.

If this Report and Recommendation is adopted or any of Plaintiff's claims are otherwise permitted to proceed, the Clerk is **DIRECTED** to resubmit this matter to the undersigned for instructions on issuing and effecting service of process.

**IT IS SO RECOMMENDED** this 10th day of May, 2012.

$\overline{\phantom{aaaaaaaaaaaaaaaaaaaaaaaa}}$
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

7