**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| AVERY LAMAR MILLER, | : | |
| GDC No. 299095, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-91-TWT-JSA |
| SHERIFF R.L. (BUTCH) | : | |
| CONWAY, | : | |
|     Defendant. | : | |

<u>**MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND**</u>
<u>**RECOMMENDATION**</u>

Plaintiff filed the above-styled *pro se* amended civil rights action pursuant to 42 U.S.C. § 1983 on January 9, 2012.  Plaintiff has sued Gwinnett County Sheriff R.L. "Butch" Conway, and alleges that Defendant Conway violated his constitutional right of access to the courts.  The matter is before the Court on Defendant Conway's motion for summary judgment with brief in support and accompanying exhibits [Doc. 36]; Plaintiff's response [Docs 45, 46]; the reply [Doc. 47]; Plaintiff's motion for declaratory judgment [Doc. 38]; Defendant Conway's response [Doc. 39]; and the reply [Doc. 41].  The matter is now ripe for decision and, for the reasons discussed below, the undersigned **RECOMMENDS**

that Defendants' motion for summary judgment [Doc. 36] be **GRANTED** and that

Plaintiff's motion for declaratory judgment [Doc. 38] be **DENIED**.

I.      Background

In the original complaint filed on January 9, 2012, Plaintiff named Sheriff

Conway and several "John Doe" deputy sheriffs as defendants. (Doc. 1). Plaintiff

complained that on March 23, 2010, when he was transported from Rogers State

Prison to the Gwinnett County Detention Center ("GCDC") for a scheduled

appearance for a state habeas hearing at the Gwinnett County Superior Court, the

intake deputies confiscated all of his legal papers, files, notes, documents, briefs,

and pleadings.  According to Plaintiff, because these papers were vital for him to

present his habeas corpus claims the next day, Plaintiff was unable to present his

arguments during his state habeas hearing and the state habeas court denied his

petition.  Plaintiff further complained that while he was at the GCDC, he was

placed in an overcrowded holding cell containing one sink, one toilet, and three

metal benches with thirty to forty other people for approximately eighteen hours.

On May 10, 2012, U. S. Magistrate Judge C. Christopher Hagy issued a

report and recommendation ("R&R") in which he conducted a 28 U.S.C. § 1915A

2

frivolity review of Plaintiff's complaint.[1]  In the R&R, Judge Hagy recommended that Plaintiff's access to the courts claim be allowed to proceed against Sheriff Conway and that Plaintiff's conditions of confinement claims be dismissed. (Doc. 9).  Judge Hagy noted that he was unable to direct service on any unnamed "John Doe" deputy sheriffs, but if Plaintiff was able to ascertain those names he may be able to amend his complaint at a later date.  (*Id.* at 8-9).  U.S. District Judge Thomas W. Thrash, Jr. adopted the R&R on June 15, 2012 [Doc. 14], and on June 27, 2012, the undersigned entered an order to issue and effect service on Defendant Conway [Doc. 15].

Plaintiff filed a motion to amend the complaint on September 13, 2012, in which he sought, *inter alia*, to add four defendants to replace the "John Doe" deputy sheriffs.[2]  (Doc. 28).  This Court denied his motion to amend, however, because the statute of limitations already had expired.  (*See* Doc. 34 at 6-7).

Defendant filed a motion for summary judgment on January 18, 2013.  (Doc. 36).  In connection with the motion, Defendant filed a Statement of Undisputed

---

[1] This case was reassigned to the undersigned on June 4, 2012.

[2] Plaintiff also sought to add Gwinnett County and/or the Gwinnett County Board of Commissioners as Defendants, which the Court denied, and to clarify his allegations against Sheriff Conway, which the Court granted.  (Docs. 28, 34).

3

Material Facts [Doc. 36, Attach. 1], a brief in support [Doc. 36, Attach. 2], and the

following exhibits:

(1)     Def's. Attach. 1: Affidavit of Captain Melinda Allen ("Allen Aff.") [Doc. 36, attach. 3];

(2)     Def's. Attach. 2:  Affidavit of Sheriff Butch Conway ("Conway Aff.") [Doc. 36, attach. 4];

(3)     Def's. Attach. 3:  State Habeas Court Record, including State Habeas Order Denying Relief [Doc. 36, attach. 5-7];

(4)     Def's. Attach. 4:  State Habeas Court Hearing Transcript and Guilty Plea Transcript [Doc. 36, attach. 8]; and

(5)     Def's. Attach. 5: Georgia Supreme Court Order Denying Plaintiff's Certificate of Probable Cause and its Remittitur [Doc. 36, attach. 9].

On the same day that Defendant Conway filed his motion for summary judgment,

Plaintiff filed a "Motion for Declaratory Judgment" [Doc. 38], in which Plaintiff

asks this Court to issue a declaratory judgment essentially stating that Defendant's

actions were unconstitutional. (*Id.*).  Defendant Conway filed a response opposing

Plaintiff's motion [Doc. 39], and Plaintiff filed a reply [Doc. 41].  Thereafter,

Plaintiff filed a response to Defendant Conway's motion for summary judgment

[Doc. 45], a brief in support of the response [Doc. 46], and a response to Defendant

4

Conway's statement of undisputed material facts [Doc. 44], and Defendant
Conway filed a reply [Doc. 47].

II.    Discussion

    A.    Legal Standard

Summary judgment is authorized when "the pleadings, the discovery and
disclosure materials on file, and any affidavits show that there is no genuine issue
as to any material fact and that the movant is entitled to judgment as a matter of
law." *Burger King Corp. v. E-Z Eating*, 572 F.3d 1306, 1313 (11th Cir. 2009);
Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the burden of
demonstrating the absence of a genuine dispute as to any material fact. *See
Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 175 (1970); *Bingham v. United States*,
724 F.3d 921, 924 (11th Cir. 1984). Here, Defendant carries this burden by
showing the court that there is "an absence of evidence to support the nonmoving
party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In making its
determination, the court must view the evidence and all factual inferences in the
light most favorable to the nonmoving party.

Once the moving party has adequately supported its motion, the nonmoving
party must go beyond the pleadings and come forward with specific facts that

demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)); *Sandoval v. Florida Paradise Lawn Maintenance, Inc.*, 303 F. App'x 802, 804 (11th Cir. 2008); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Unsupported factual allegations and/or speculation are legally insufficient to defeat a summary judgment motion. *Collins v. Ensley*, No. 11-16077, 2012 WL 5870679, at *1 (11th Cir. Nov. 21, 2012); *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005); *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). *See also Celotex*, 477 U.S. at 324 ("Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"); *accord Owen v. Willie*, 117 F.3d 1235 (11th Cir. 1997). "The mere scintilla of evidence" supporting the nonmovant's case is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Finally, "[w]hile *pro se* complaints are entitled to a liberal interpretation, 'a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his

6

case in order to avert summary judgment.'" *Bryan v. Spillman*, 217 F. App'x 882, 883 n.4 (11th Cir. 2007) (quoting *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990)). *See also Johnson v. Warden*, 491 F. App'x 60, 62 (11th Cir. 2012) ("*Pro se* litigants are not excused from the burden of establishing that there exists a genuine issue of material fact.").

B.   <u>Material Facts</u>

Unless otherwise indicated, the Court draws the undisputed facts taken from Defendant Conway's Statement of Undisputed Material Facts ("SOMF"). The Court has excluded all assertions of fact that are immaterial or presented as legal conclusions, and has excluded assertions of fact unsupported by a citation to evidence in the record and/or that disputes a fact based only on argument. *See* L.R. 56.1(B)(1), N.D. Ga. ("The court will not consider any fact: (a) not supported by a citation to evidence"); L.R. 56.1(B)(2)(a) (1) ("This response shall contain . . . nonargumentative responses corresponding to each of movant's numbered undisputed material facts").

While Plaintiff filed a response to Defendant's SOMF, several of his responses do not comply with Local Rule 56.1, in part because Plaintiff did not properly cite to specific admissible evidence in the record and because the

7

responses are argumentative.  Nevertheless, although Plaintiff does not escape his burden merely because he is *pro se*, the undersigned has exercised its discretion in considering Plaintiff's responses in determining what facts are disputed.  In sum, the Court has reviewed all legal arguments, all evidence submitted and cited by Defendant Conway, and Plaintiff's affidavit.  The Court views all factual inferences from this evidence in the light most favorable to Plaintiff.  *See Matsushita*, 475 U.S. at 587; *McCabe v. Sharrett*, 12 F.3d 1558, 1560 (11th Cir. 1994).

Based on this evidence, the following facts are either undisputed or are otherwise viewed in the light most favorable to Plaintiff:

Plaintiff filed a state habeas corpus petition and a supplemental pleading in the Gwinnett County Superior Court in which he challenged his October 10, 2008, guilty plea to possession of cocaine.  (Doc. 36, Attach. 5 at 5-9, 19-20).  In those pleadings, he raised the following grounds for relief: (1) he was illegally detained by Gwinnett County police; (2) the police illegally searched Plaintiff's room without a warrant or his consent; (3) Plaintiff received ineffective assistance of counsel because counsel failed to submit various pre-trial motions, interview witnesses, or investigate essential facts; (4) Plaintiff entered his guilty plea under

8

duress because he was threatened by a Gwinnett County deputy sheriff after he complained of the oppressive pre-trial conditions; and (5) the prosecution purposely suppressed evidence relating to the weight of the substance found in Plaintiff's room, the condition of Plaintiff's co-defendant, and "certain other particulars which could have exonerated" Plaintiff. (*Id.*). The State filed a motion to dismiss the petition because: (1) the record demonstrated that Plaintiff entered his plea knowingly, intelligently, and voluntarily; and (2) Plaintiff's consent and his guilty plea waived any challenges to the search of his room, including any alleged ineffective assistance of counsel claims related to the search. (Doc. 36, Attach. 5, at 26-28). Plaintiff subsequently filed an objection to the State's motion to dismiss the petition, which included factual details and legal arguments. (*Id.* at 33-38; Doc. 36, Attach. 6, at 1-7). The state habeas court scheduled a hearing for October 28, 2009 (Doc. 36, Attach. 5, at 16),[3] was rescheduled for February 24, 2010 (*Id.* at 32), and was rescheduled again to March 24, 2010 (Doc. 36, Attach. 6, at 8).[4]

---

[3] The order scheduling the hearing inadvertently states "2005" instead of 2009. (Doc. 36, Attach. 5, at 16).

[4] It is not clear from the record why the hearing dates were rescheduled.

9

On March 23, 2010, Plaintiff was transported from the Rogers State Prison to GCDC for a state habeas corpus hearing to be held the next day.  (SOMF ¶¶ 1, 2).  Plaintiff arrived at GCDC sometime between 12:45 and 3:00 in the afternoon.[5] (Allen Aff. ¶ 4; Doc. 44 at 1).  Pursuant to GCDC written policy, upon Plaintiff's arrival, his property, including legal documents, were taken from him, searched and inventoried, and placed into a container in the inmate storage unit.  (SOMF ¶ 3).  GCDC written policy also provides that authorized personal items will be returned to an inmate after he is assigned to a classified housing unit.  (SOMF ¶ 4).

Upon his afternoon arrival at GCDC, Plaintiff remained in a holding cell in the admissions area until the following day when he could be fully processed and assigned to a classified housing unit.  (SOMF ¶ 5).  Because intake deputies may not know if an inmate in the admissions area is scheduled for a court appearance and requires legal materials, the inmate must request that his legal materials be returned to him from inmate storage.  (SOMF ¶ 7).  Although Plaintiff requested on four occasions that his legal materials be returned to him, he did not receive

_____

[5] While Captain Allen indicates Plaintiff arrived at 2:49 p.m., Plaintiff states that he actually arrived at 12:45 p.m.  (Allen Aff. ¶ 4; Doc. 44 at 1).

those materials before the hearing.[6]  (Pl.'s Aff. ¶¶ 3-4).  Defendant Conway, the Gwinnett County Sheriff, had no personal contact with Plaintiff during his temporary detention at GCDC from March 23, 2010, through March 30, 2010, and did not direct or authorize any deputy to confiscate or refuse a request by Plaintiff to receive his legal materials.  (SOMF ¶¶ 21-22).

At the beginning of the state habeas hearing on the morning of March 24, 2010, Plaintiff told the state habeas court that "I would like the court to know that I was held in the holding cell all night.  I didn't get an opportunity to review none of my notes.  All of my legal work was confiscated and wasn't returned to me." (SOMF ¶ 12).  In response to Plaintiff's statement, the state habeas court stated:

> Well, let me – I don't mean to interrupt you; but, [Plaintiff], if you're asking me to reset this, I'll be more than happy to do that.  So that's up to you.  If you can go forward this morning, that's fine.  But if you're telling me that you haven't had a chance to look at your

---

[6] Defendant states that it is "policy" of the GCDC to return legal materials to an inmate held in a holding cell in the admissions area if he is scheduled for a court appearance (SOMF ¶ 6); inmates in a holding cell are required to sign a receipt at the time they make such a request (*id.* at ¶ 8); and there is no record or receipt establishing that Plaintiff made such a request (*id.* at ¶ 10).  Construing the facts in the light most favorable to Plaintiff, however, the "policy" to which Ms. Allen refers is not contained anywhere in the written policy attached to her affidavit, and Plaintiff indicates that he was neither aware of any such policy nor signed any such receipts on any of the four occasions he asked for his legal documents.

11

paperwork and need to do that before presenting your case, then I'm happy to grant you a continuance.  So you tell me what you want to do.

(SOMF ¶ 13).  Plaintiff replied that "I would prefer to just go forward, your Honor, and present what I have from my knowledge of the case."  (SOMF ¶ 14).[7] Thereafter, Plaintiff presented his arguments to the state habeas court by summarizing what he had presented in his pleadings.  (*See generally*, Doc. 36, Attach. 7, at 13-19).

At the end of the hearing, the state habeas court ruled from the bench that after hearing Plaintiff's arguments and reviewing his documents and the trial transcript, Plaintiff had not met his burden.  (SOMF ¶¶ 17-18).  On that same day, the state habeas court entered an order denying relief, finding that Plaintiff had "produced no evidence in support of his contentions."  (SOMF ¶ 19).  Plaintiff filed a motion for reconsideration of the denial on March 31, 2010, which the state habeas court denied.  (Doc. 36, Attach. 6 at 17-21).  On March 7, 2011, the

---

[7] While Plaintiff claims that he was "compelled" to go forward (*see* Doc. 44 ¶ 14), he indicated to the court that one reason he wanted to proceed was that the case already had been continued three different times.  (Doc. 36, Attach. 7 at 14).

12

Georgia Supreme Court denied Plaintiff's application for a certificate of probable cause to appeal the state habeas court's decision.  (SOMF ¶ 20).

Plaintiff filed a federal petition for writ of habeas corpus in this Court on June 5, 2012. *Miller v. Hooks*, Civil Action No. 1:11-CV-1339-TWT-JFK.  In the federal petition, Plaintiff essentially raised the same claims that he raised in state court, with two additional grounds:  (1) officers falsely arrested him based on illegally obtained evidence; and (2) the state habeas court did not provide an impartial hearing or rule on all grounds Plaintiff raised.  *Id.* at Doc. 1.  U.S. Magistrate Judge Janet F. King reviewed Plaintiff's claims, found that his claims related to the search were waived when he entered his guilty plea and that Plaintiff had not demonstrated that his guilty plea was involuntarily or unknowingly entered based on ineffective assistance of counsel or otherwise, and recommended denying the petition.  *Id.* at Doc. 20.  On June 28, 2012, U. S. District Court Judge Thomas W. Thrash, Jr. adopted Judge King's recommendation and denied the petition.  *Id.* at Doc. 25.  The Eleventh Circuit denied Plaintiff's application for a certificate of appealability on December 13, 2012, because Plaintiff failed to make the requisite showing under 28 U.S.C. § 2253(c)(2) that he was denied a constitutional right. *Id.* at Doc. 40.

13

C.    <u>Analysis</u>

Section 1983 of Title 42 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Thus, in order to establish a claim under Section 1983, Plaintiff must show a violation of a right secured by the Constitution of the United States and also show that the deprivation was committed by a person acting under color of state law. *Cummings v. DeKalb Cnty.*, 24 F.3d 1349 (11th Cir. 1994); *see also Graham v. Connor*, 490 U.S. 386, 393-94 (1989) ("§ 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred") (internal quotes omitted) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Defendant Conway seeks summary judgment on several grounds:  (1) there is no material fact in dispute which would establish that Plaintiff suffered an actual injury; (2) Defendant Conway did not participate in the confiscation or refusal to return Plaintiff's legal materials and therefore is entitled to summary judgment in

14

his individual capacity; (3) Plaintiff has not demonstrated that an unconstitutional policy was the moving force behind the alleged constitutional violation such that Sheriff Conway would be liable in his official capacity; and (4) Sheriff Conway is immune from suit under the Eleventh Amendment. (Doc. 36, Attach. 2). The undersigned agrees with Defendant Conway that he is entitled to summary judgment.

1.   <u>Plaintiff Has Not Demonstrated Actual Injury</u>.

Prisoners have a constitutional right of access to the courts under the Due Process Clause. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1265-66 (11th Cir. 2012). The right to access, however, is not unlimited. *Lewis v. Casey*, 518 U.S. 343, 356 (1996). In order to establish a violation of that right, as a constitutional prerequisite a plaintiff must show actual injury, *i.e.,* that his efforts to pursue a nonfrivolous claim were frustrated or impeded by an official's action. *Id.* at 349; *Alvarez*, 679 F.2d at 1265; *McCauley v. Georgia*, 466 F. App'x 832, 836 (11th Cir. 2012). "'[M]inor and short-lived impediments to access' to evidence is insufficient to support a claim of denial of access to the courts." *Lloyd v. Card*, 283 F. App'x 696, 699 (11th Cir. 2008) (quoting *Chandler v. Baird*, 926 F.2d 1057, 1063 (11th Cir. 1991)).

15

Here, it is undisputed that prior to the date of the hearing Plaintiff had filed a state habeas petition, supplemental proceedings, and a reply to the State's motion to dismiss the petition.  It also is undisputed that:  (1) Plaintiff declined the state habeas court's offer to continue the hearing since his legal materials had not yet been returned to him; (2)  throughout the state habeas hearing Plaintiff referred to the arguments contained in the documents he had previously filed; and (3) the state habeas court noted that it had, in fact, reviewed those pleadings prior to the hearing.  Additionally, after the state court denied Plaintiff's habeas petition and his legal materials were returned to him, he filed a motion for reconsideration of the state habeas court's decision denying his petition, an application for a certificate of probable cause to the Georgia Supreme Court, and a federal habeas petition in this Court.  While Plaintiff states that the record in those proceedings were "incomplete," he does not describe what evidence from his legal materials should have been included and/or how any such evidence would have proved the merits of his claims.  Plaintiff, therefore, has not demonstrated that he suffered any actual injury from the temporary confiscation of his legal materials.  *See*, *e.g.*, *McCauley*, 466 F. App'x at 837 (denying plaintiff's access to the courts claim, where plaintiff did not show actual injury as she could not explain how any alleged

16

deficiencies in the clerk's office affected her case – because she was allowed to have her case heard on the merits by filing documents via email, appearing at a hearing by phone, filing a motion for summary judgment, and filing a motion for reconsideration of the denial of that motion); *Lloyd*, 283 F. App'x at 700 (affirming summary judgment to defendants on plaintiff's access to courts claim where plaintiff did not demonstrate an actual injury in connection with his allegations that a deputy hindered his investigator and attorney from accessing evidence and consulting with plaintiff because they later were able to do so); *Lee v. Shearin*, No. CCB-09-874, 2010 WL 1416509, at *5 (D. Md. Apr. 6, 2010) (finding plaintiff did not demonstrate actual injury because at the time his legal papers were temporarily confiscated he already had filed and briefed his habeas petition and it was ready for substantive consideration); *Wilson v. Horton*, No. 7:03-CV-228-R, 2004 WL 2958376, at *2 (N.D. Tex. Dec. 20, 2004) (granting summary judgment on plaintiff's access to the courts claim where prior to the time plaintiff's legal materials were confiscated he already had filed the petition and a reply, and the petition ultimately was dismissed as untimely). *See also Pickett v. Nunn*, 367 F. App'x 536, 538 (8th Cir. 2010) ("The right of access only encompasses a reasonably adequate opportunity to file nonfrivolous legal claims[.]

17

. . ."); *Vaccaro v. United States*, 125 F.3d 852, 1997 WL 574977, at *1 (5th Cir. Aug. 28, 1997) ("'[T]he Supreme Court has not extended this right [of access to the courts] to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court.'") (citations omitted).

Additionally, the state habeas court, U.S. Magistrate Judge King, U.S. District Judge Thrash, and the Eleventh Circuit all found that Plaintiff's claims were without merit, and Plaintiff has not shown that these decisions were incorrect. Thus, Plaintiff has failed to demonstrate that the confiscation of his legal materials resulted in the loss of a nonfrivolous claim – *i.e.*, actual injury. Accordingly, Defendant Conway is entitled to summary judgment. *See Dennis v. Schwarzauer*, No. 12-12175, 2012 WL 5503572, at *1-2 (11th Cir. Nov. 13, 2012) (affirming summary judgment to defendants on plaintiff's access to the courts claim because of the absence of proof that the underlying claims were arguable and non-frivolous); *Barbour v. Haley*, 471 F.3d 1222, 1226 (11th Cir. 2006) ("[A] litigant asserting an access claim must also prove that he has a colorable underlying claim for which he seeks relief.").

2.   <u>Defendant Conway Cannot Be Liable in Either His Individual or Official Capacity.</u>

18

Supervisors cannot be held liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *Simpson v. Stewart*, 386 F. App'x 859, 860 (11th Cir. 2010) (citations omitted). Instead, a supervisor is liable only when he "personally participates in the alleged unconstitutional conduct or when there is a causal connection between [his] actions . . . and the alleged constitutional deprivation." *Chatham v. Adcock*, 334 F. App'x 281, 285-86 (11th Cir. 2009) (citing *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)). A causal connection is established when the supervisor: (1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would. *Gross v. White*, 340 F. App'x 527, 531 (11th Cir. 2009). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Gonzalez v. Reno*, 325 F3d 1228, 1234 (11th Cir. 2003).

Although Plaintiff appears to infer that Defendant Conway must have known about and/or directed the confiscation of his legal papers because of Plaintiff's past complaints against some Gwinnett County sheriff's deputies, Plaintiff's speculation is insufficient to dispute Defendant Conway's sworn testimony that:

19

(1) he has no personal knowledge of Plaintiff or of any prior lawsuit filed by him;
(2) he was not aware that Plaintiff was housed at GCDC; (3) he never directed any
deputy to confiscate or refuse to return Plaintiff's legal materials; and (4) if any
deputy purposely confiscated and/or refused to return legal materials to Plaintiff
outside of GCDC's official policy, that deputy did so without authorization.
(Conway Aff., ¶¶ 3-8, 10).

Plaintiff's argument that an *absence* of a custom or policy violated his
constitutional rights, *i.e.*, that there was no policy in place to ensure that a transient
prisoner's legal papers would immediately be returned to him, is insufficient. (*See*
Doc. 46 at 7-8). Indeed, in the absence of an official policy, the plaintiff must
prove that an unofficial custom or practice was the "moving force" behind the
constitutional violation, which ordinarily requires a showing of "[a] pattern of
similar constitutional violations." *Craig v. Floyd Cty., Ga.*, 643 F.3d 1306, 1310
(11th Cir. 2011). Plaintiff, however, offers nothing more than mere speculation
of any pattern of similar alleged constitutional violations. Thus, Plaintiff has not
demonstrated that Defendant Conway was personally involved in, or that there was
any causal connection between his actions and, the alleged deprivations.

Nor, as discussed previously, has Plaintiff demonstrated a constitutional violation.  Because the underlying § 1983 claims fail, Plaintiff's claims under a theory of supervisory liability also fail.  *See Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 308 (11th Cir. 2009); *Hicks v. Moore*, 422 F.3d 1246, 1253 (11th Cir. 2005) ("Because we conclude that Plaintiff's constitutional rights were not violated . . . , Plaintiff cannot maintain a 1983 action for supervisory liability[.]").  Accordingly, Plaintiff has failed to satisfy the "rigorous standard" by which Defendant Conway could be held liable under a theory of supervisory liability.

Finally, Sheriff Conway enjoys Eleventh Amendment immunity from Plaintiff's § 1983 claim for damages or other retrospective relief brought against him in his official capacity.  *See Purcell ex rel. Estate of Morgan v. Tombs Cty., Ga.*, 400 F.3d 1313, 1325 (11th Cir. 2005) (holding Toombs County sheriff entitled to Eleventh Amendment immunity in his official capacity for § 1983 conditions of confinement claims because a Georgia "'sheriff's authority and duty to administer [the] jail in his jurisdiction flows from the State, not [the] County'"); *Manders v. Lee*, 338 F.3d 1304, 1312-13 (11th Cir. 2003) (en banc) (noting that "the office of sheriff is as old as the State of Georgia itself and carries with it the common law duties of sheriffs to enforce the laws and preserve the peace on behalf

21

of the sovereign State.").  Accordingly, Defendant Conway is also entitled to summary judgment in his official capacity.

III.    Conclusion

Based on the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Defendants' motion for summary judgment [Doc. 36] be **GRANTED** and that this action be **DISMISSED**.

**IT IS ORDERED** that Plaintiff's motion for declaratory judgment [Doc. 38] be **DENIED AS MOOT.**

The Clerk is **DIRECTED** to terminate the referral to the undersigned magistrate judge.

**IT IS SO RECOMMENDED AND ORDERED** this 28th day of March, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)